# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Sammy-Jo Lugo, <br><br> Plaintiff, <br><br> v. <br><br> ImageCare, LLC d/b/a ImageCare Northeast Columbia; Laura Gillihan Ulrich, MD; ImageCare Radiology Associates, LLC; and the United States of America, <br><br> Defendants. | 3:22-cv-01788-MGL |

## COMPLAINT

Plaintiff Sammy-Jo Lugo, by and through her undersigned counsel, complaining of the above-named Defendants, alleges and states as follows:

## JURISDICTION AND VENUE

1. This action is a medical malpractice action brought under the Federal Tort Claims Act because Eau Claire Cooperative Health Center, Inc., on information and belief, is a Federally Qualified Health Center afforded coverage under the Act.

2. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C. § 1331; 28 U.S.C. § 1367 (a), (b), (c) and (d); 28 U.S.C. § 1346(b); and 28 U.S.C. §§ 2671 et seq.

3. The allegations set forth in this Complaint occurred in Richland County, South Carolina; therefore, venue is proper in this District.

4. Pursuant to 28 U.S.C. § 2675(a), Plaintiff timely submitted an administrative claim to the United States Department of Health and Human Services, which was received on November 2, 2021. The Department denied the claim by letter dated April 11, 2022.

1

5.      Plaintiff filed a Notice of Intent to Sue on January 25, 2022, as amended February 7, 2022, in the Richland County (S.C.) Court of Common Pleas against Novant Health, Inc. d/b/a Palmetto Imaging at ImageCare;[1] Laura Gillihan Ulrich, MD, and ImageCare, LLC.  The pre-lawsuit mediation required by S.C. Code Ann. § 15-79-125 was held on May 17, 2022.[2]

## PARTIES

6.      Plaintiff Sammy-Jo Lugo is a resident of Brunswick County, North Carolina, and a citizen of the state of North Carolina.

7.      Defendant ImageCare, LLC d/b/a ImageCare Northeast Columbia, on information and belief, is a limited liability company organized under the laws of the state of South Carolina which owns, operates and manages a medical diagnostic scanning facility located at 710 Rabon Road in Richland County, South Carolina, and which provided medical care and treatment to Plaintiff during the relevant period.

8.      Defendant Laura Gillihan Ulrich, MD, on information and belief, is a radiologist and an employee or agent of ImageCare Radiology Associates, LLC, who provided medical care and treatment to Plaintiff during the relevant period.

---

[1] Counsel for this Defendant subsequently informed Plaintiff that the proper corporate Defendant is ImageCare, LLC d/b/a ImageCare Northeast Columbia.

[2] *See Pledger v. United States*, 5 F.4th 511, 518 (4th Cir. 2021) (holding that plaintiff's failure to comply with West Virginia's pre-lawsuit requirement of a "screening certificate of merit" from an expert in a medical malpractice case was not grounds for dismissal of plaintiff's federal-court FTCA action because "there is now a growing consensus [among states] that certificate requirements like West Virginia's do not govern actions in federal court, because they conflict with and are thus supplanted by the Federal Rules of Civil Procedure"); *Britt v. County of Charleston*, C.A. No. 2:21-3770-RMG (Gergel, J., D.S.C., March 18, 2022) (citing *Pledger* and noting that "even if this claim were properly construed as for medical malpractice, the Fourth Circuit would very likely find it is not subject to South Carolina's notice-and-affidavit requirement").

9. Defendant ImageCare Radiology Associates, LLC, on information and belief, is a limited liability company organized under the laws of the state of South Carolina which operates and manages the employees, agents and staff of a medical diagnostic scanning facility located at 710 Rabon Road in Richland County, South Carolina, and which provided medical care and treatment to Plaintiff during the relevant period.

10. The United States of America is named as a Defendant because, on information and belief, Eau Claire Cooperative Health Center, Inc., d/b/a Cooperative Health and Waverly Women's Health (collectively, "Waverly Women's Health") is a Federally Qualified Health Center afforded coverage under the Federal Tort Claims Act.

11. Eau Claire Cooperative Health Center, Inc. d/b/a Cooperative Health and Waverly Women's Health Center, on information and belief, is a Federally Qualified Health Center which owns, operates and manages various medical clinics throughout several counties in central South Carolina, including Waverly Women's Health Center located at 1228 Harden Street, Suite B, Columbia, in Richland County, South Carolina, and which provided medical care and treatment to Plaintiff during the relevant period. Employees or agents of Waverly Women's Health Center provided medical care and treatment to Plaintiff during the relevant period.

**FACTUAL ALLEGATIONS**

12. Heather S. Miles, APRN, at Waverly Women's Health Center ordered an ultrasound scan after Plaintiff presented with reports necessitating such a scan. APRN Miles, on information and belief, is an advanced practice registered nurse and an employee or agent of Waverly Women's Health Center who provided medical care and treatment to Plaintiff during the relevant period.

13. Plaintiff had the ultrasound scan performed on or about April 21, 2021, at ImageCare, LLC d/b/a ImageCare Northeast Columbia, located at 710 Rabon Road, Columbia, South Carolina.  The original report stated, in pertinent part, that Plaintiff had an "exophytic cystic uterine fibroid at the fundal region that measures 9 x 1.4 x 1 cm."  The report was signed by Defendant Laura Gillihan Ulrich, MD.

14. Plaintiff returned to Waverly Women's Health Center on or about May 5, 2021, to review the findings from the ultrasound and was seen by APRN Miles.

15. Plaintiff returned to Waverly Women's Health Center on or about June 11, 2021, and was seen by Rosa Maria Castillo-Schilder, MD.  Dr. Castillo-Schilder, MD, on information and belief, is a medical doctor and an employee or agent of Eau Claire Cooperative Health d/b/a Cooperative Health and Waverly Women's Health Center who provided medical care and treatment to Plaintiff during the relevant period.

16. Plaintiff was scheduled for surgery on or about July 22, 2021, to have a large, 9-centimeter fibroid removed by Dr. Castillo-Schilder.

17.  Dr. Castillo-Schilder performed the surgical procedure on or about July 22, 2021, which was done at a local hospital and under general anesthesia.

18. No cystic uterine fibroid was found during the surgical procedure.

19. On or about August 3, 2021, the original radiology report signed by Defendant Dr. Ulrich was amended to state: "Findings should read:  There is an exophytic cystic uterine fibroid at the fundal region measuring 0.9 x 1.4 x 1 cm."  Defendant Dr. Ulrich signed the amended report.

20. On information and belief, the amended report by Defendant Dr. Ulrich accurately stated the small size of the cyst, which likely would not have required any surgery.  In

4

contrast, the original, inaccurate report stated the cystic uterine fibroid was 10 times larger than it really was.

21. Plaintiff has suffered or will suffer damages in the past, present and future, including, but not limited to, physical pain and suffering, emotional distress, mental anguish, fear, anxiety, scarring and disfigurement, loss of enjoyment of life, temporary or permanent physical disability, loss of income, loss of earning capacity, loss of job-related benefits and medical expenses, and delay and disruption of education, career and employment plans and expectations.

22. As a direct or proximate result of the negligent, grossly negligent, reckless, willful or wanton actions or omissions of Defendants and their employees or agents, Plaintiff is entitled to recover all damages available under the law.

## FOR A CAUSE OF ACTION
### (Negligence / Gross Negligence / Medical Malpractice / Negligent Hiring / Negligent Training / Negligent Supervision / Federal Tort Claims Act Against All Defendants)

23. Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim.

24. Defendants undertook to render medical care to Plaintiff and as such had a duty to provide care that was within accepted professional standards of care in the national community.

25. On information and belief, Defendants, by and through their duly authorized employees, agents or contractors violated the standard of care in providing care and treatment and proximately caused injuries and damages to Plaintiff.

26. On information and belief, Defendants either individually, or acting by and through their duly authorized employees or agents, jointly and severally, breached their duties of care to Plaintiff by acting in a manner that was negligent, grossly negligent, willful, wanton,

reckless, in one or more of the following ways:

  a. By failing to properly and personally view, review and interpret an ultrasound scan in a manner which accurately reflected the true and actual findings of the scan;

  b. By failing to properly prepare a report of the ultrasound scan which accurately reflected the true and actual findings of the scan;

  c. By failing to timely and properly examine, assess and diagnose Plaintiff's actual medical condition;

  d. By failing to timely and properly investigate unusual or anomalous findings contained in the ultrasound scan report in order to correlate them with a clinical exam;

  e. By failing to timely and properly engage in discussions and follow-up between Defendants in order to sufficiently investigate unusual or anomalous findings contained in the ultrasound scan report;

  f. By failing to perform necessary and appropriate examinations and diagnostic tests before proceeding to surgery;

  g. By failing to properly and accurately document the true medical condition of Plaintiff;

  h. By failing to take necessary precautions and follow proper procedures and methods required to avoid causing injury;

  i. By failing to properly and timely formulate, review, and modify plans of care for Plaintiff in accordance with her needs;

  j. By failing to properly hire, train and supervise employees and agents with

      regard to medical care and treatment provided to Plaintiff and deviations from and violations of the required standard of care;

   k. By failing to properly establish and enforce protocols and procedures necessary to provide medical care and treatment to Plaintiff and prevent deviations from and violations of the required standard of care; and

   l. In such other particulars as may be ascertained through discovery and proven at trial.

27. Defendants either individually, or acting by and through their duly authorized employees or agents, jointly and severally, breached their duties of care to Plaintiff by negligently hiring, negligently training or negligently supervising their employees and agents.

28. Defendants are vicariously liable for the actions and omissions of their duly authorized employees or agents.

29. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered injuries and damages due to negligent treatment and malpractice.

30. The breach by Defendants and their employees or agents of one or more of the duties owed to Plaintiff was the sole or concurrent proximate cause of damages suffered by Plaintiff.

31. Plaintiff has suffered or will suffer damages in the past, present and future, including, but not limited to, physical pain and suffering, emotional distress, mental anguish, fear, anxiety, scarring and disfigurement, loss of enjoyment of life, temporary or permanent physical disability, loss of income, loss of earning capacity, loss of job-related benefits and medical expenses, and delay and disruption of education, career and employment plans and expectations.

32. As a direct or proximate result of the negligent, grossly negligent, reckless, willful or wanton actions or omissions of Defendants and their employees or agents, Plaintiff is entitled to recover all damages available under the law, including actual damages, special damages and consequential damages, in an amount to be determined by the Court.

33. No jury trial is demanded pursuant to 28 U.S.C. § 2402.

WHEREFORE, having fully set forth her Complaint, Plaintiff prays that the Court grant by verdict or judgment an award of all damages she is entitled to recover from Defendants under the law, including actual damages, special damages and consequential damages, in an amount to be determined by the Court, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PROFFITT & COX, LLP

*s/ David Proffitt*
David Proffitt
Federal Bar ID No. 7503
140 Wildewood Park Drive, Suite A
Columbia, S.C.  29223
Telephone:  (803) 834-7097
Fax:  (888) 711-1057
Email:  dproffitt@proffittcox.com

Attorneys for Plaintiff

June 7, 2022